# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| CARLEY MCNEAL,<br><br>    Plaintiff,<br><br>v.<br><br>FRAM RENEWABLE FUELS,<br><br>    Defendant. | 2:24-CV-116 |

**ORDER**

Before the Court is Plaintiff's "Motion for Judgment on the Pleadings as to Affirmative Defenses," which the Court construes as a motion to strike insufficient defenses contained in Defendant's answer. Dkt. No. 11. The motion has been fully briefed, and it is ripe for review. Dkt. Nos. 11, 12, 13, 15. The Court heard oral argument on June 30, 2025. Dkt. No. 29. For the reasons below, Plaintiff's motion is **DENIED**.

**BACKGROUND**

This is an employment discrimination case. Plaintiff Carley McNeal worked as an accountant for Defendant Fram Renewable Fuels. Dkt. No. 1 ¶¶ 12, 15. After almost a year of working at Fram, Plaintiff learned she was pregnant with twins. Id. ¶ 14. Plaintiff experienced a high-risk pregnancy but continued to work. Id. ¶¶ 17–20. On July 28, 2023, Plaintiff went into preterm labor and

delivered the twins via emergency c-section. Id. ¶ 21. One of her babies was in the NICU until November 6, 2023. Id. ¶¶ 30, 38. During this time, Plaintiff suffered from severe postpartum depression. Id. ¶ 24.

Plaintiff alleges that, after giving birth, she had to contact her supervisor to initiate the paid short-term disability leave process and originally received eight weeks of leave. Id. ¶ 22. Plaintiff alleges that she had to follow up twice until her short-term disability leave was approved on August 28, 2023. Id. ¶¶ 23, 25–26. Once her short-term disability leave ended, Defendant allegedly informed Plaintiff that she would have to use all of her vacation days to continue her paid leave while her baby was still in the NICU. Id. ¶ 31. Thereafter, Plaintiff was on unpaid leave for four weeks. Id. ¶ 35. On October 23, 2023, Defendant informed Plaintiff that it would re-start her regular pay even though she was not back from leave. Id. ¶ 34. Plaintiff and Defendant agreed that she would get two more weeks of paid leave after her baby was discharged from the NICU. Id. ¶ 37.

Plaintiff avers that, throughout her leave, Defendant informed her that her position would be held for her. Id. She also alleges that until she inquired, Defendant had not informed her that she had only thirty days to add the twins to her health insurance after they were born. Id. ¶ 39. Further, Plaintiff alleges she discovered that Defendant paid one of Plaintiff's co-

2

workers "her full paychecks while she was out of work due to her son being in the hospital," as well as collected donations for this co-worker. Id. ¶ 32.

On November 27, 2023, after sixteen weeks of leave, Plaintiff returned to work. Id. ¶ 40. She alleges that her supervisor and colleagues did not acknowledge her return. Id. ¶ 41. Plaintiff met with her supervisor on November 29, 2023 to "discuss her lack of engagement and her attitude since her return to work and to receive an Employee Positive Discipline Form." Dkt. Nos. 1 ¶ 43, 5 ¶ 43. "Plaintiff's employment ended" that same day. Dkt. Nos. 1 ¶ 44, 5 ¶ 44. Plaintiff alleges Defendant wrongfully terminated her due to her pregnancy. Dkt. No. 1 ¶¶ 44, 46.

On February 1, 2024, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Id. ¶ 4. The EEOC issued its notice of right to sue on July 11, 2024. Id. Plaintiff filed this lawsuit on October 8, 2024. See id.

Plaintiff brings an Americans with Disabilities Act ("ADA") claim for disability discrimination (Count I), a Pregnancy Discrimination Act/Title VII claim for pregnancy discrimination (Count II), and a Family and Medical Leave Act ("FMLA") claim for retaliation (Count III). Id. at 14, 18, 19. Plaintiff now moves for judgment on the pleadings as to seven of the twenty-two

3

defenses asserted in Defendant's answer. Dkt. No. 11.[1] These defenses are (1) failure to state a claim, (2) failure to timely present all claims to the EEOC, (3) failure to exhaust administrative remedies, (4) laches, estoppel, or waiver, (5) unclean hands, (6) after-acquired evidence, and (7) statute of limitations. Id.

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(c)

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (quotation marks omitted) (quoting Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001)). "In determining whether a party is entitled to judgment on the pleadings," the Court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party." Id. (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). "If a comparison of the averments in the competing

---

[1] Plaintiff characterizes these defenses as affirmative defenses, dkt. no. 11 at 1, but the answer does not, dkt. no. 5 at 10. "[A]n affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." VP Props. & Devs., LLLP v. Seneca Specialty Ins. Co., 645 F. App'x 912, 916 (11th Cir. 2016) (quoting Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989)).

4

pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." Id. (citing Stanton v. Larsh, 239 F.2d 104, 106 (5th Cir. 1956)).

In considering a motion for judgment on the pleadings, the Court generally cannot consider matters outside the pleadings without converting the motion to a motion for summary judgment. Fed. R. Civ. P. 12(d). Federal Rule of Civil Procedure 7(a) defines "pleadings" as complaints, counterclaims, crossclaims, answers, and court-ordered replies to answers. See Fed. R. Civ. P. 7(a).

## II. Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) provides that courts "may strike from a pleading an insufficient defense." Although reflective of "the inherent power of the Court to prune down pleadings," TracFone Wireless, Inc. v. Zip Wireless Products, Inc., 716 F. Supp. 2d 1275, 1290 (N.D. Ga. 2010), granting a motion to strike is a "drastic" and "generally disfavored" remedy. Tomason v. Stanley, 297 F.R.D. 541, 544 (S.D. Ga. 2014).

The Court considers "whether a defense is insufficiently pled such that the proper remedy is to strike it from an answer." Id. "An affirmative defense should survive if it comports with Rule 8(c)'s purpose—guaranteeing that the opposing party has notice of any additional issue that may be raised at trial." Id. at 545 (alterations adopted) (internal quotation marks omitted) (quoting Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988)).

5

Meanwhile, a defense is "legally insufficient as a matter of law when (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Luxottica Grp., S.P.A. v. Airport Mini Mall, LLC, 186 F. Supp. 3d 1370, 1375 (N.D. Ga. 2016). A defense is clearly invalid "if it appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense." EEOC v. First Nat'l Bank of Jackson, 614 F.2d 1004, 1008 (5th Cir. 1980);[2] see also Thomason, 297 F.R.D. at 545 ("In cases where settled law clearly forecloses an affirmative defense, courts will strike that defense." (citing Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp., 684 F.2d 776, 779 (11th Cir. 1982))). Indeed, "even a well-pleaded defense should be struck if it cannot apply to the case at issue." Tomason, 297 F.R.D. at 545.

"But courts are reticent to strike a marginal defense as legally insufficient without allowing defendants some benefit of discovery to develop that defense." Id. at 545 (citing Alyshah v. Hunter, No. 1:06-CV-0931, 2006 WL 2644910, at *3 (N.D. Ga. Sept. 13, 2006)); see also Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962) (Courts

---

[2] Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

6

should not "determine disputed and substantial questions of law upon a motion to strike" absent a showing of prejudice.).

## DISCUSSION

### I. The Court Treats Plaintiff's Motion as a Motion to Strike.

In opposing Plaintiff's motion, Defendant first argues that Plaintiff improperly moved for judgment on the pleadings when the correct procedural vehicle for Plaintiff's arguments is a motion to strike. Dkt. No. 12 at 2. Many courts construe motions for judgment on the pleadings as motions to strike in this context—that is, when "a plaintiff seeks to dispute the legal sufficiency of fewer than all of the defenses raised in the defendant's pleading," courts treat a Rule 12(c) motion as a Rule 12(f) motion. 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1369 (3d ed.); see also, e.g., E. Air Lines, Inc. v. Atl. Richfield Co., 470 F. Supp. 1050, 1055 (S.D. Fla. 1979) (treating plaintiff's motion for judgment on the pleadings as to an affirmative defense as a motion to strike that defense); Chavez v. Mercantil Commercebank, N.A., No. 10-23244-CIV, 2011 WL 13112229, at *2 (S.D. Fla. June 15, 2011) (construing a partial motion for judgment on the pleadings as a motion to strike because it sought "to dispute the legal sufficiency of fewer than all of the defenses raised in the defendant's pleading"); Renia v. Curtis Protective Servs., Inc., No. 6:19-CV-1724-CEM-DCI, 2022 WL 1619242, at *6 (M.D. Fla. Mar.

7

7, 2022) ("[T]he proper procedure [to dispose of an affirmative defense] is to file a motion to strike under Federal Rule of Civil Procedure 12(f)."); Fed. Deposit Ins. Corp. v. Bulldog Truck & Equip. Sales, LLC, No. 1:12-CV-4039, 2014 WL 12623016, at *6-7 (N.D. Ga. Jan. 17, 2014) (construing the "motion to dismiss the defendants' affirmative defenses as a motion to strike under Rule 12(f), which allows the court to strike an 'insufficient defense'"); id. ("[A]ffirmative defenses are *only* subject to the motion to strike standard contained in Rule 12(f)." (emphasis added)); Frazier v. N. Star Cap. Acquisition, LLC, No. 1:10-CV-3786-JOF-LTW, 2011 WL 13319078, at *2 (N.D. Ga. Aug. 5, 2011) ("[A] Rule 12(f) motion to strike, not a Rule 12(c) motion for judgment on the pleadings, is the proper vehicle for challenging Defendants' affirmative defenses."), report and recommendation adopted by No. 110-CV-03786-JOFLTW, 2011 WL 13319017 (Sept. 9, 2011); Williams v. Gate Gourmet, Inc., No. 1:09-CV-1557-MHS-SSC, 2010 WL 11508722, at *1 (N.D. Ga. July 29, 2010) ("Without deciding whether a motion for judgment on the pleadings is the appropriate vehicle for the court to consider Plaintiff's challenge to the sufficiency of certain of Defendant's affirmative defenses, the undersigned will consider the sufficiency of those defenses under the court's Rule 12(f) authority."), report and recommendation adopted by No. 1:09-CV-1557-MHS, 2011 WL 13177542 (Jan. 24, 2011), amended in part by No. 1:09-CV-1557-MHS, 2011 WL 13180252 (Mar. 24, 2011).

But other courts have held that "neither the Federal Rules of Civil Procedure nor any controlling authorities *preclude* a party from seeking to dispose of affirmative defenses using a motion for judgment or partial judgment on the pleadings." Vann v. Inst. of Nuclear Power Operations, Inc., No. 1:09-CV-1169, 2011 WL 13272741, at *3 (N.D. Ga. Oct. 6, 2011) (emphasis added); see also Aaron v. Martin, No. 4:11CV1661 FRB, 2013 WL 466242, at *2 (E.D. Mo. Feb. 7, 2013) ("The Federal Rules of Civil Procedure provide two ways for a party to challenge the sufficiency of an affirmative defense: a motion for judgment on the pleadings under Rule 12(c), or a motion to strike under Rule 12(f).").

The Court must "give the Federal Rules of Civil Procedure their plain meaning," and the "inquiry is complete" if the Court finds "the text of the Rule to be clear and unambiguous." Bus. Guides, Inc. v. Chromatic Communs. Enters., 498 U.S. 533, 540–41 (1991) (internal citation and quotation marks omitted). Rule 12(c) provides "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Meanwhile, Rule 12(f) provides

> [t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

On one hand, the plain text of Rule 12 does not preclude a plaintiff from moving for judgment on the pleadings as to affirmative defenses. On the other hand, "[t]he Rules must be read as a whole, and the text of one provision affects analysis of its neighbor." Tomason, 297 F.R.D. at 544 (citing Agility Def. & Gov't Servs. v. U.S. Dep't of Def., 739 F.3d 586, 590 (11th Cir. 2013)). "Applying two legal standards in the context of two differing texts gives meaning to their differences." Id.

The standard for a Rule 12(c) motion requires that Plaintiff show (1) "there are no material facts in dispute and" (2) she "is entitled to judgment as a matter of law." Perez, 774 F.3d at 1335. Conversely, the legal standard for a Rule 12(f) motion allows a defense to be stricken "as legally insufficient as a matter of law when (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Luxottica Grp., 186 F. Supp. 3d at 1375. Accordingly, these differing legal standards give meaning to the "insufficient defense" language in 12(f), and the proper vehicle for arguing that "affirmative defenses which fail to satisfy [pleading standards] should be stricken if they fail to include more than bare-bones conclusory allegations," as Plaintiff argues here, is a Rule 12(f) motion. See id.

Further, the substance of Plaintiff's motion squares with the Rule 12(f) standard for several reasons. First, and most plainly,

10

Plaintiff cites the Rule 12(f) standard in support of her motion. Dkt. No. 11 at 4. Second, she makes no attempt to show that "there are no material facts in dispute," as is required for Rule 12(c) relief. Perez, 774 F.3d at 1335; see generally Dkt. No. 11. Third, Plaintiff requests, in the alternative, that Defendant be ordered to replead its defenses. Dkt. No. 11 at 5. Granting a defendant leave to file an amended answer cures deficiencies under Rule 12(f). See Luxottica Grp., 186 F. Supp. 3d at 1375. But a successful Rule 12(c) motion decides the case "on the basis of the underlying substantive merits of the parties' claims and defenses as they are revealed in the formal pleadings." 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1367 (3d ed.). Therefore, the Court treats Plaintiff's motion as a motion to strike.

**II. The Motion to Strike is Denied.**

As the motion is treated as a motion to strike insufficient defenses, it is untimely. A party must move to strike an insufficient defense "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). The answer was filed on November 8, 2024, and the motion was filed on January 14, 2025. Dkt. Nos. 5, 11. Thus, the motion was filed forty-six days too late. The Court "may, for good cause, extend" this deadline "on motion made after the time has expired" only "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

11

A party may not label its motion one way and rely on a different standard therein to circumvent the time frame set by the Federal Rules. Cf. EEOC v. Exel Inc., 259 F.R.D. 652, 656 (N.D. Ga. 2008) (Deadlines are not "elastic;" instead, "the orderly, efficient passage of lawsuits through the federal courts demands that the Federal Rules of Civil Procedure be followed."). Indeed, motions to strike are often considered "time wasters" and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Somerset Pharms., Inc. v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996); TracFone Wireless, Inc., 716 F. Supp. 2d at 1290 ("Rule 12(f) reflects the inherent power of the Court to prune down pleadings so as to expedite the administration of justice and to prevent abuse of its process . . . . Motions to strike are generally viewed with disfavor and are often considered time wasters." (first quoting McNair v. Monsanto Co., 279 F. Supp. 2d 1290, 1298 (M.D. Ga. 2003); then quoting Tingley Sys. Inc. v. Bay State HMO Mgmt. Inc., 833 F. Supp. 882, 884 (M.D. Fla. 1993) (internal quotation marks omitted))); Mills v. State Farm Mut. Auto. Ins. Co., No. 3:23-CV-477, 2024 WL 2300636, at *1 (M.D. Fla. Feb. 13, 2024) ("Because motions to strike typically do little to advance a case toward resolution, they are generally disfavored by the Court and are often considered time wasters." (alterations adopted) (citation omitted)).

While courts have "broad discretion" in ruling on a Rule 12(f) motion, courts should not arbitrarily extend the deadlines set by the Federal Rules absent the required showing of good cause. See Resolution Trust Corp. v. Youngblood, 807 F. Supp. 765, 769 (N.D. Ga. 1992); Fed. R. Civ. P. 6(b)(1)(B). Plaintiff puts forth counsel's discussion at the Rule 26(f) conference as his reason for failing to file the motion to strike within twenty-one days of the filing of the answer. Dkt. Nos. 11 at 12–13, 13 at 9, 29. Specifically, Plaintiff's counsel alerted Defendant's counsel that he believed Defendant should amend the answer to remove four defenses; Plaintiff's counsel asserts that Defendant refused to change its position. Dkt. No. 12-1 at 1.

This discussion occurred on December 12, 2024. Id. But the twenty-one-day timeframe to file the motion ended on November 29, 2024. See Fed. R. Civ. P. 12(f)(2); Dkt. No. 5. Accordingly, Plaintiff fails to explain what, if anything, occurred between November 8, 2024, and November 29, 2024, to justify Plaintiff's failure to file a motion to strike. Plaintiff purports that the pleading deficiency is evident from the face of the answer; thus, there is no reason and no good cause shown for Plaintiff's failure to bring the allegedly insufficient defenses to the Court's attention until January 14, 2025. See Dkt. No. 11.

Thus, the Court does not reach the sufficiency of the defenses, and Plaintiff's motion is **DENIED**. City of Jacksonville

13

v. Jacksonville Hosp. Holdings, L.P., 82 F.4th 1031, 1038 (11th Cir. 2023) ("[I]t is the function of this court to interpret and apply [the Federal Rules of Civil Procedure]—not write them" or bend them.); see also, e.g., BOJ of WNC, LLC v. Hous. Cas. Co., No. 1:22-cv-124, 2023 U.S. Dist. LEXIS 42763, at *2 (S.D. Ga. Mar. 14, 2023) (holding that "the Court will not consider the untimely motions" to strike.); Whitesell Corp. v. Electrolux Homeproducts, Inc., No. 1:03-cv-050, 2020 WL 7380911, at *1 (S.D. Ga. Dec. 15, 2020) (holding that "it would be a waste of judicial resources to put the Court through the paces of striking affirmative defenses" where "Plaintiff's motion to strike [was filed] woefully out of time").

### III. An Award of Attorneys' Fees is Improper.

Finally, Plaintiff argues that, by failing to amend its answer after being put on notice, Defendant acted in bad faith and the Court should award attorneys' fees pursuant to its inherent powers or pursuant to 28 U.S.C. § 1927. As the substantive motion was unmeritorious, so too is the argument that Plaintiff should be awarded fees for filing it.

First, fees under the Court's inherent powers are unwarranted. "A court has the inherent power to award attorney's fees to a party whose litigation efforts directly benefit others, to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly,

14

or for oppressive reasons." Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1224 (11th Cir. 2017) (alterations adopted) (internal quotation marks omitted) (quoting Marx v. Gen. Revenue Corp., 568 U.S. 371, 381 (2013)). The Eleventh Circuit "has linked inherent power sanctions with subjective bad faith—'there is nothing preventing a federal court from exercising its inherent power to sanction an attorney, a party, or a law firm for their subjective bad faith.'" Id. (quoting In re Mroz, 65 F.3d 1567, 1576 (11th Cir. 1995)). In other words, "[t]he standard is a subjective standard with a narrow exception for conduct tantamount to bad faith." Id. at 1223.

Here, and again, ahead of the Rule 26(f) conference, Plaintiff's counsel raised with Defendant's counsel that four defenses should "be stricken from the Answer." Dkt. No. 12-1 at 1. Defense counsel responded:

> We have taken this under consideration, reviewed the pleadings and the order you provided and are not inclined to strike these defenses at this time. As I mentioned on our call, Rule 8 permits pleading in the alternative, and this discussion seems premature. See generally Tomason v. Stanley, 297 F.R.D. 541, 546 (S.D. Ga. 2014) (denying motion to strike statute of limitations and laches defense because "The Court . . . is persuaded that some current Plaintiffs might have time-barred claims that will be further illuminated during discovery.").

Id. This exchange does not reflect subjective bad faith. Instead, defense counsel made a strategic decision—declining to amend the answer based on counsel's belief that the operative answer complied

15

with the Federal Rules' requirement to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). While it is true that the condition precedent defenses—those being the administrative exhaustion defenses in this case—needed to be pled "with particularity," the Court finds that the failure to so plead was either an honest mistake by defense counsel *or* defense counsel, knowing that motions to strike are "viewed in disfavor" in litigation, opted to wait for Plaintiff to file a motion. Fed. R. Civ. P. 9(c); TracFone Wireless, Inc, 716 F. Supp. 2d at 1290. The Court sees no basis for a finding of subjective bad faith to award attorneys' fees.

 Second, fees pursuant to 28 U.S.C. § 1927 are improper. "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Under this avenue for attorneys' fees, "an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2006). As explained above, there are no indicia of bad faith by defense counsel for simply declining to amend the answer. Indeed, Plaintiff does not use the term "bad faith" in her initial brief. Dkt. No. 11 at 13. Instead,

16

she states that "shotgun defenses are grounds for awarding sanctions." Id. (citing Barmapov v. Amuial, 986 F.3d 1321, 1330 (11th Cir. 2021); then citing Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 984 (11th Cir. 2008)). Neither of these cases stand for the proposition that filing a potentially inadequate pleading or failing to amend an inadequate pleading is egregious. Although the Court does not reach the sufficiency of the defenses, counsel's conduct in drafting and filing the answer was also not egregious. Courts view standard denials—i.e., putting "failure to state a claim" in the answer—as "harmless" and without legal effect until a defendant moves pursuant Rule 12(b)(6). Luxottica Grp., 186 F. Supp. 3d at 1375. Further, the answer does not put forth any "patently frivolous" defenses, Luxottica Grp., 186 F. Supp. 3d at 1375, that bear "no possible relation to the controversy." Somerset Pharms., Inc., 168 F.R.D. at 71; see also Dkt. No. 5. An award of attorneys' fees requires unreasonable and vexatious conduct. Here, defense counsel's actions did not rise to that level.

## CONCLUSION

The Court construes Plaintiff's motion as a motion to strike insufficient defenses, and the motion is **DENIED** as untimely. Plaintiff's request for attorneys' fees is likewise **DENIED**.

17

**SO ORDERED** this 14th day of July, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA